ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (188355)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERIES SALEH, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ASTRAZENECA PLC,<br><br>　　　　　Defendants. | Case No. 2:24-cv-11021-JFW-AS<br><br>CLASS ACTION<br><br>REPLY IN FURTHER SUPPORT OF TEAMSTERS LOCAL 710 PENSION FUND AND ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>DATE:　　March 24, 2025<br>TIME:　　1:30 p.m.<br>CTRM:　　7A<br>JUDGE:　　Hon. John F. Walter |

4917-6992-7718.v1

Unlike C+F and Universal Invest's motion, the Pension Funds' lead plaintiff motion is substantively unopposed. *See* ECF 28 (making no arguments against the Pension Funds' motion other than noting their relatively smaller financial interest).[1]

By contrast, C+F and Universal Invest's motion cannot be granted because they have failed to trigger the PSLRA's "most adequate plaintiff" presumption. *See* ECF 29 at 1-7. Despite ample opportunities to do so and even after being alerted as to the material gaps in their motion, C+F and Universal Invest **still** have not provided all of their Class Period transactions in AstraZeneca securities so as to reconcile the inconsistencies between their periodic reports and the PSLRA Certifications they submitted to the Court. 15 U.S.C. §78u-4(a)(2)(A)(iv) (requiring certification to identify "**all** of the transactions of the plaintiff in the security that is the subject of the complaint during the class period").[2]

Courts disqualify lead plaintiff movants who "failed to submit all of [their] trading data" because without complete data, the court has no way to properly evaluate that movant's actual financial interest. *See Williams v. Block.One*, 2020 WL 4505569, at *1 (S.D.N.Y. Aug. 4, 2020) ("Although the Williams Group contends that these plaintiffs' missing transaction data would increase the sizes of their losses, it has not explained how the Court could verify this assertion based on the materials it has presented. These parties have not provided a satisfactory reason for failing to substantiate their alleged losses, and the Court is unwilling to engage in guesswork or rely on their unsupported claims . . . ."); *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (disqualifying movant who submitted a certification that "'omitted certain Class Period transactions'"); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), *adhered to on*

---

[1] Any attempt to oppose the Pension Funds' motion for the first time in a reply submission should be rejected. *See John-Charles v. Cal.*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (holding party "failed to develop any argument on this front, and thus has waived it").

[2] Unless otherwise noted, all emphasis is added and citations are omitted.

- 1 -

*recons. by* 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019) (disqualifying movant that failed to accurately evidence its financial interest in its opening papers because "[t]he error struck at the core of the PSLRA's lead plaintiff inquiry: determining which movant holds the largest financial stake in the litigation"). It is logical to conclude that incomplete transactional data despite appearing to show a loss is not enough to establish a financial interest. This is because missing transactions may have resulted in net gains that could reduce or complete offset the reported loss.[3] Given that reality, C+F and Universal Invest's failure to set forth ***all*** of their transactions renders them unable to demonstrate their financial interest in the relief sought by the class in this case.

      Moreover, C+F and Universal Invest's non-compliance with the PSLRA's certification requirement not only precludes the Court's ability to assess their financial interest, it also undermines their ability to satisfy the adequacy inquiry of Rule 23. *See Tomaszewski v. Trevena, Inc*., 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (rejecting lead plaintiff movant for errors in trading data because they "speak to a level of carelessness . . . [p]articularly given that these errors were made at the outset of the case"); *Karp*, 2019 WL 5587148, at *6 (disqualifying movant with inaccurate PSLRA certification because "despite the relative importance of this error, the Court notes that it took the [movant] nearly two weeks to supply corrected figures" which "indicate[s] to the Court a 'certain carelessness about detail that undermines the adequacy' of the [movant] as a lead plaintiff in a complex securities class action"). As in *Karp*, C+F and Universal Invest should not be permitted to supplement their actual financial interest for the first time in a reply brief. *See In re Boeing Co. Aircraft Sec. Litig*., 2019 WL 6052399, at *7 n.10 (N.D. Ill. Nov. 15, 2019) ("a viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of adequacy from the outset of the lead plaintiff selection process"); *In re*

---

[3] Omitted transactions can also reveal an anomalous trading pattern that renders that movant atypical of the class or subjects the movant to unique defenses.

- 2 -

4917-6992-7718.v1

*Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions."); *Singer v. Nicor, Inc.*, 2002 WL 31356419, at *3 (N.D. Ill. Oct. 17, 2002) ("[T]he court will not consider the candidates' amendments of their amount of financial loss made after the filing deadline."); *Salem v. Methode Elecs., Inc.*, 2025 WL 368955, at *3 (N.D. Ill. Feb. 3, 2025) ("Although courts are not uniform in their approach to these circumstances, the majority of courts refuse to consider modifications to certifications or claimed losses made after the PSLRA lead plaintiff motion deadline."). *See also Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

And the one fact C+F and Universal Invest did reveal (albeit buried in expert declarations) – that its sub-funds or compartments "do not have a legal personality distinct from [C+F/Universal Invest]" (ECF 24-4 at ¶9; 24-5 at ¶7) – all but confirms that C+F and Universal Invest were obligated to disclose all of their sub-funds' and compartments' transactions in AstraZeneca securities during the Class Period. Courts have even gone a step further, requiring foreign investment vehicles to not only disclose all of their own transactions, but also those of entities owned by its ultimate parent company and of "other funds managed by [the same investment advisor]." *Baydale v. Am. Express Co.*, 2009 WL 2603140, at *4 & n.3 (S.D.N.Y. Aug. 14, 2009) (finding that "at the very least, those transactions may result in unique defenses or conflicts relevant to the adequacy inquiry"). Not only did these signatories of C+F and Universal Invest's PSLRA Certifications (who are associated with C+F and Universal Invest's investment advisors, Cadelam and Cadelux) fail to set forth the transactions of Cadelam and Cadelux's other managed funds or related entities, but – as detailed in the Pension Funds' opposition brief (ECF 29 at 1-5) – they failed to disclose all of C+F and Universal Invest's transactions.

The selective disclosure of sub-fund and compartment transactions by C+F and Universal Invest raises significant concerns, particularly in light of prior judicial

- 3 -

1 | scrutiny regarding the authority of Universal Invest's signatories in securities
2 | litigation.  In *Greenberg v. Yongye Int'l, Inc.*, Judge Richard Sullivan mandated a
3 | supplemental declaration to clarify the signatory's authorization and the scope of
4 | Cadelam's involvement, addressing ambiguity surrounding the proper representation
5 | of Universal Invest.  *See Greenberg v. Yongye Int'l, Inc.*, No. 1:11-cv-03616-RJS,
6 | ECF 23 at 16:1-5 (S.D.N.Y. Sept. 8, 2011) (ECF 30-1).  This requirement stemmed
7 | from established legal principles, as articulated in *W.R. Huff Asset Mgmt. Co., LLC v.
8 | Deloitte & Touche LLP*, 549 F.3d 100, 111 (2d Cir. 2008), which preclude investment
9 | advisors from serving in a representative capacity in securities class actions.  C+F and
10 | Universal Invest's failure to provide the *Greenberg* disclosures here, combined with
11 | their failure to comprehensively detail all AstraZeneca security transactions during the
12 | Class Period, indicates a recurrence of the representational issues Judge Sullivan
13 | previously identified.  This lack of transparency not only exposes the class to
14 | unnecessary expense and uncertainty, it creates a vulnerability for defendants to
15 | exploit in settlement negotiations, potentially leading to an inadequate resolution.
16 |         In sum, no one contests that the Pension Funds are entirely typical and adequate
17 | to serve as lead plaintiff in this case.  Because C+F and Universal Invest have not
18 | triggered the PSLRA's presumption, the Pension Funds should be appointed Lead
19 | Plaintiff.
20 | DATED: March 10, 2025                     Respectfully submitted,
21 |
22 |                                            s/ Michael Albert
   |                                           _____
   |                                           MICHAEL ALBERT
23 |
24 |
25 |
26 |
27 |
28 |

- 4 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
vanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

Additional Counsel

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Teamsters Local 710 Pension Fund and St. Clair County Employees' Retirement System, certifies that this brief contains 1,209 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 10, 2025

                              s/ Michael Albert
                              MICHAEL ALBERT

4917-6992-7718.v1